MAYS v. UNITED STATES.†

(Circuit Court of Appeals, Ninth Circuit. May 16, 1910.)

No. 1,723.

1. CONSPIRACY (§ 43*)—CONSPIRACY TO DEFRAUD THE UNITED STATES—INDICTMENT.

An indictment under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for conspiracy to defraud the United States of public lands is not one charging a conspiracy to do an act not unlawful in itself, because there is no separate statute making it a crime to defraud the United States, so that it is necessary to set out criminal or unlawful means to charge an offense, but the statute itself makes a conspiracy to defraud the United States a distinct crime, and no further offense need be averred nor proved.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 97; Dec. Dig. § 43.*]

2. CONSPIRACY (§ 43*)—CONSPIRACY TO DEFRAUD THE UNITED STATES—INDICTMENT.

An indictment for conspiracy to defraud the United States of public lands by fraudulently obtaining the title to worthless state lands, securing the establishment of a forest reserve including such lands and then exchanging the same for public lands of the United States under the law authorizing such exchange, is not bad because it does not describe the state lands to be so acquired, further than to state the counties in which

---

they are situated, where they had not been obtained and no further description was possible.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 97; Dec. Dig. § 43.*]

3. CONSPIRACY (§ 45*)—CONSPIRACY TO DEFRAUD THE UNITED STATES—EVIDENCE—MATERIALITY.

In a prosecution for conspiracy to defraud the United States of public lands by fraudulently acquiring state lands and exchanging them under the forest reservation laws for lands of the United States, evidence of the fraudulent acquisition of the state lands was material as showing the foundation on which the conspiracy was based and the method of procedure adopted to carry it into effect.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 100; Dec. Dig. § 45.*]

In Error to the Circuit Court of the United States for the District of Oregon.

Franklin P. Mays was convicted of a criminal offense, and he brings error. Affirmed.

W. Lair Hill, for plaintiff in error.

Tracy C. Becker, U. S. Sp. Asst. Atty. Gen.

Before GILBERT and MORROW, Circuit Judges, and FARRINGTON, District Judge.

MORROW, Circuit Judge. The plaintiff in error was one of the defendants charged with the conspiracy alleged in the indictment under consideration in the case of Willard N. Jones v. United States (just decided) 179 Fed. 584. The two cases come here on separate writs of error. The material question in this case not discussed in the Jones Case is the sufficiency of the indictment. The indictment charged a conspiracy in violation of section 5440 of the Revised Statutes (U. S. Comp. St. 1901, p. 3676), which provided as follows:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner, or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy all of the parties to such conspiracy shall be liable."

It is contended by the plaintiff in error that, as there is no statute of the United States making it an offense to defraud the United States, the indictment cannot be held as charging a conspiracy to accomplish a criminal or unlawful purpose. If it charges anything it must be a purpose not in itself unlawful, but a purpose to be accomplished by criminal or unlawful means. To charge a conspiracy of this class it is said the unlawful means must be fully set forth, and as this was not done in this case the indictment was insufficient. The case of Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419, is cited among others as authority for this proposition. In that case an injunction had been issued by the United States Circuit Court restraining the defendants from in any manner interfering with the complainant in any of its work in and about a certain mining claim. The indictment charged a conspiracy to commit an offense against the United States in violation of section 5440 of the statutes,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but did not in terms charge that it was the purpose of the conspiracy to violate the injunction referred to in the indictment or to impede or obstruct the due administration of justice in the Circuit Court. What the indictment did charge was that the defendants conspired together to commit an offense against the United States, and this offense was to be committed by intimidation to compel the officers of the mining company to discharge their employés and the employés to leave the service of the company. The court said that this conspiracy was not an offense against the United States, and in this connection stated the general rule with respect to indictments charging an offense, namely, that all the material facts and circumstances embraced in the definition of the offense must be stated, and if any essential element of the crime is omitted such omission cannot be supported by intendment or implication. The application of the rule in that case is obvious; but in this case the charge is that the defendants conspired together, not to commit an offense against the United States, but to defraud the United States out of the possession and use of and title to divers large tracts of the public land of the United States, and this is made a distinct offense by the statute itself. No further offense is alleged, and no further offense is required to be alleged or proven. Furthermore it is not charged and it was not intended to charge that the United States was actually defrauded out of any of its public lands, or the title to or the use or possession of any of such lands. The conspiracy alleged was to fraudulently obtain from the state of Oregon the title to and possession of certain school lands still vacant by reason of being arid and worthless, secure the establishment of a forest reserve which should include these school lands, and then exchange these arid and worthless lands for public lands of the United States open to selection and lying in divers states and territories of the United States.

The objection is that the indictment failed to set forth the means employed in carrying out the conspiracy, in this: That it contained no description of the school lands which the defendants were to exchange for public lands of the United States, whether such school lands had already been obtained or were thereafter to be obtained. With respect to those school lands which had been obtained, they were described as lying in certain designated counties of the state, but further than this the statute of limitations had run as against the act of acquiring these lands, and the court instructed the jury that they could not convict the defendants or any of them of any fraud connected with the alleged acquisition of such lands. Without holding that any further description of these lands was necessary, it is sufficient to say that the lack of a description worked the defendants no injury. With respect to the school lands to be thereafter obtained they were described as lying in certain designated counties of the state, and no further description could be obtained for the reason that they had not been purchased from the state, and could not, therefore, be identified. It was part of the conspiracy to obtain the school lands within these designated counties, and a more particular identification was therefore immaterial. In Dealy v. United States, 152 U. S. 539, 543, 14 Sup. Ct. 680, 682, 38 L. Ed. 545, the court said:

"Can it be doubted that if these defendants entered into a conspiracy to defraud the United States of public lands, subject to homestead entry, at the given office in the named county, the crime of conspiracy was complete even if no particular tract or tracts were selected by the conspirators? It is enough that their purpose and their conspiracy had in view the acquiring of some of those lands, and it is not essential to the crime that in the minds of the conspirators the precise lands had already been identified."

The rule here stated with respect to the description of public lands to be afterwards acquired is applicable to the description of school lands in the present indictment. A description was given identifying the lands as far as such identification could be ascertained, and a more particular description was not required. "While the rules of criminal pleading require that the accused shall be fully appraised of the charge made against him, it should, after all, be borne in mind that the object of criminal proceedings is to convict the guilty, as well as to shield the innocent, and no impracticable standards of particularity should be set up, whereby the government may be entrapped into making allegations which it would be impossible to prove." Evans v. United States, 153 U. S. 584, 590, 14 Sup. Ct. 934, 937, 38 L. Ed. 830.

The plaintiff in error asked the trial court to instruct the jury that the fraudulent acquisition of school lands, if it was fraudulent, would not constitute an offense against the United States, and unless connected with an intent to defraud the United States such evidence would be wholly immaterial. The court properly refused to give this instruction. The evidence was material as showing the foundation upon which the conspiracy was based and the method of procedure adopted by the defendants for carrying the conspiracy into effect. As said by this court in Perrin v. United States, 169 Fed. 17, 21, 94 C. C. A. 385, 389:

"The machinery of the state land office was to be used as an instrument to carry out the purpose of the conspiracy and secure the title to certain lands of the United States, and it is no answer to this view of the acts of the parties to contend that the state was entitled to the lands as selections in lieu of other lands lost to the state."

In our opinion the indictment is sufficient, and there was no error in refusing the requested instruction.

The judgment of the Circuit Court is affirmed.